IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Naheed Syed,<br><br>                Plaintiff,<br><br>v.<br><br>South Carolina Vocational Rehabilitation Department; Team 1 Staffing; Office Team; Accountemps; Adecco; Apple One; Alternative Staffing,<br>                Defendants. | Civil Action No. 2:14-cv-02576-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18) recommending that this Court summarily dismiss the Complaint without prejudice and without issuance and service of process as to Defendants Team 1 Staffing, Office Team, Accountemps, Adecco, Apple One, and Alternative Staffing, and summarily dismiss the Title VII, § 1981, and ADEA claims against Defendant South Carolina Vocational Rehabilitation Department. The Court hereby adopts the R&R in full.

As the R&R explains, the district court may dismiss a pro se case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Amended Complaint, for the reasons set forth in detail in the R&R, does not allege facts that can be construed by the Court as supporting her claims against Team 1 Staffing, Office Team, Accountemps, Adecco, Apple One, or Alternative Staffing. The Amended Complaint also fails to allege facts sufficient to support a claim against Defendant South Carolina Vocational Rehabilitation Department under Title VII, § 1981, or the ADEA. Although she alleges that she was not hired or referred by Defendants, the only factual claim that could

support an inference that her lack of a job stems from discriminatory intent on the part of a Defendant was the fact that someone at SCVRD asked her a single question about her physical impairments. Therefore, the Court will allow service of process only on the claim against SCVRD under the ADA and/or Rehabilitation Act.

Upon the issuance of the R&R, Plaintiff was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive her right to appeal the judgment of the District Court. (Dkt. No. 18 at 15). Plaintiff filed objections on April 1, 2015. (Dkt. No. 22). However, the objections consisted of a reiteration of Plaintiff's arguments that she is living below poverty level and that Defendants did not give her a job. Without some evidence that Defendants acted with discriminatory motivation, the arguments repeated in the objections are insufficient to support the claims identified here for dismissal.[1] To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues; therefore, the Court hereby **ADOPTS** the R&R as the order of this Court and partially dismisses the case as described herein.

---

[1] The objections also imply that through mediation, Plaintiff obtained a settlement offer from one of the defendants. This is not a basis for objection to the Court's determination that the majority of her claims are unsupported by factual allegations.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 10, 2015
Charleston, South Carolina

3